JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
AcquireRx LLC

## DEFENDANTS
Health Care Consolidators LLC, Joe Feliciani and Lance Aizen

**(b)** County of Residence of First Listed Plaintiff    St. Louis County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Mercer County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Samantha B. Kats, Esquire, Stradley Ronon Stevens & Young LLP, 457 Haddonfield Road, Suite 100, Cherry Hill, NJ 08002, skats@stradley.com, 484-323-1354

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 (diversity jurisdiction).

Brief description of cause: AcquireRx brings this action against Plaintiffs for Breach of Contract, Fraud in the inducement, unjust enrichment and promissory estoppel against Defendants.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 2,100,507.50

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*:    JUDGE _____    DOCKET NUMBER _____

DATE    9/2/16

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## (TRENTON VICINAGE)

| | |
|---|---|
| ACQUIRERX, LLC, <br><br> Plaintiff. <br><br> vs. <br><br> HEALTH CARE CONSOLIDATORS LLC, JOE FELICIANI, AND LANCE AIZEN, <br><br> Defendants. | CIVIL ACTION <br><br> NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, AcquireRx LLC ("AcquireRx"), by and through its undersigned counsel, Stradley Ronon Stevens & Young, LLP, brings this Complaint against Defendants, Health Care Consolidators LLC ("HCC"), Joe Feliciani ("Feliciani"), and Lance Aizen ("Aizen") (collectively, "Defendants") and, in support thereof, avers as follows:

## THE PARTIES

1. AcquireRx is a Missouri limited liability corporation with its principal place of business at 2464 Taylor Road, Suite 138, St. Louis, Missouri 63040.

2. Upon information and belief, HCC is a Delaware corporation with its principal place of business at 103 Carnegie Center #300, Princeton, New Jersey 08540-6235. Upon information and belief, HCC is owned and operated by Feliciani and Aizen.

3. Upon information and belief, Feliciani is an adult citizen of the State of New Jersey, domiciled at 120 Alexa Way, Mullica Hill, New Jersey 08062. Upon information and belief, Feliciani is the President and manager of HCC. Upon information and belief, Feliciani is also the Vice President of Provider Relations & Informatics at American Health Care Administrative Services ("AHC").

4.     Upon information and belief, Aizen is an adult citizen of the State of California with an office address of 3850 Atherton Road, Rocklin, California 95765.  Upon information and belief, Aizen is the Chief Executive Officer and managing owner of AHC. Upon information and belief, Aizen is also a founding member, owner and operator of HCC.

## NATURE OF THE ACTION

5.     AcquireRx, a pharmacy benefit management company, engaged HCC to provide rebate management and other services to support AcquireRx's obligations in connection with prescription drug health benefit plans.  HCC, through its president Feliciani, led AcquireRx to believe that its members, Feliciani and Aizen, have a number of connections and maintain agreements with various pharmaceutical manufacturers.  Furthermore, HCC expressed to AcquireRx that it has the ability to collect substantial manufacturer discounts for HCC and its clients.  AcquireRx relied upon Feliciani's representations and entered into an agreement with HCC whereby AcquireRx agreed to and did timely submit to HCC, on a monthly basis, a minimum of 200,000 claims per month, to be submitted to the appropriate manufacturers for collection of any manufacturer rebates available to AcquireRx.  Although AcquireRx fulfilled all of its responsibilities under their agreement, HCC has not fulfilled any of its obligations.  When AcquireRx confronted HCC about its failure to timely pay AcquireRx pursuant to their agreement, HCC told AcquireRx that it submitted the rebates through Health Delegates, another company that offers comprehensive prescription drug rebate management services, and is awaiting payment from Health Delegates.  HCC produced to AcquireRx a copy of a purported letter from Health Delegates showing that it was expecting a payment in the amount of $6,721,632.00 from Health Delegates.  HCC promised AcquireRx that once it received this payment from Health Delegates it would pay AcquireRx the monies due and owing by HCC to

- 2 -

AcquireRx under the terms of their agreement. Subsequently, HCC provided to AcquireRx a copy of a purported wire transfer evidencing a payment from HCC to AcquireRx in the amount of $2,100,507.50. AcquireRx never received any payment from HCC and upon information and belief, the purported wire transfer is fraudulent. Miraculously, although HCC represented to AcquireRx that it is in possession of the manufacturer discounts owed to AcquireRx, it cannot make payment to AcquireRx per the terms of their agreement. Clearly, HCC has materially breached the terms of its contract with AcquireRx. As a result of Defendants misrepresentations and actions, AcquireRx has suffered substantial damages and bring this Complaint against HCC, Feliciani, and Aizen for direct and consequential damages arising out of this misconduct.

## JURISDICTION AND VENUE

6.     This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because Plaintiff is a citizen of Missouri, HCC and Feliciani are citizens of New Jersey, Aizen is a citizen of California, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7.     Venue in this district is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or admissions giving rise to this action occurred in the District of New Jersey, where Defendants reside.

## FACTUAL BACKGROUND

8.     On or around July of 2015, Feliciani approached James J. Hill ("Hill"), President of AcquireRx, with a proposal whereby AHC would manage and obtain prescription drug manufacturer discounts for AcquireRx. Subsequently, Feliciani told Hill that "his bosses" and/or partners mandated that the agreement for the administration of manufacturer discounts for AcquireRx be set up through a separate company, HCC, instead of through AHC.

9. Feliciani represented to Hill that one of "his bosses" is a recognized entrepreneurial leader in pharmacy benefit management and that their company, HCC, has the ability to obtain significant drug manufacturer discounts on behalf of AcquireRx's clients. Upon information and belief, Aizen is Feliciani's boss at AHC and Feliciani's boss or partner at HCC.

10. Upon information and belief, HCC is a company that purportedly maintains manufacturer discount agreements with pharmaceutical manufacturers and offers to manage prescription drug manufacturer discounts for clients, such as AcquireRx, that do not have manufacturer discount agreements with manufacturers.

11. Relying upon Feliciani's representations and promises on behalf of HCC and "his bosses" that HCC could obtain and manage prescription drug manufacturer discounts, AcquireRx on or around October 1, 2015, entered into a Client Services Agreement with HCC (the "Services Agreement"), effective October 1, 2015. Pursuant to the Services Agreement HCC agreed to submit certain claim information received from AcquireRx to the appropriate manufacturer of the prescription drug, to collect any available manufacturer discount money from the manufacturer, and to pay AcquireRx certain manufacturer discounts on accepted claims in accordance with the terms of the Services Agreement and Exhibit A thereto. A true and correct copy of the Services Agreement and the exhibit thereto is attached hereto as Exhibit "A" and incorporated herein by reference.

12. Further relying upon Defendants' representations and promises under the Services Agreement, AcquireRx entered into manufacturer rebate administration agreements with various companies to collect and process any available pharmaceutical manufacturer rebates for those companies.

- 4 -

13.     AcquireRx, in accordance with the Services Agreement, timely sent to HCC claims data on a monthly basis for submission to the appropriate manufacturers.

14.     Pursuant to the Services Agreement, HCC agreed to, among other things, submit the claims received from AcquireRx to the appropriate manufacturers for collection of any manufacturer rebates available to AcquireRx.  See Exhibit "A" at Sec. 3.1.

15.     On or around March 15, 2016, Feliciani, on behalf of HCC, sent to AcquireRx a report showing an approximate total number of claims submitted by AcquireRx and the expected estimated total value of manufacturer discounts to be received in connection with those claims.  See Email from Feliciani to Hill dated March 15, 2016 with spreadsheet attachment, a copy of which is attached hereto as Exhibit "B."

16.     On or around July 29, 2016, Feliciani, on behalf of HCC, provided AcquireRx with an update in writing on the status of the outstanding rebate claims payment. Specifically, HCC represented that it expects to receive full payment for the submitted claims and that it intends to wire those funds to AcquireRx immediately upon receipt.  See Email from Feliciani to Hill dated July 29, 2016 transmitting a Status Update Letter from HCC to AcquireRx, a copy of which is attached hereto as Exhibit "C."

17.     When AcquireRx confronted HCC about its failure to timely pay AcquireRx pursuant to their agreement, HCC told AcquireRx that it submitted the rebates through Health Delegates, another company that offers comprehensive prescription drug rebate management services, and is awaiting payment from Health Delegates.

18.     On or about August 1, 2016, Feliciani of HCC provided AcquireRx with a copy of a purported letter from Health Delegates stating that "[p]ayment for 4th Quarter 2015 claims for HCC will be made on August 3, 2016 via Wire Transfer on or before 12:00 noon CST

in the amount of $6,721,632.00." A copy of this purported letter from Health Delegates is attached hereto as Exhibit "D."

19. Subsequently, Feliciani represented to AcquireRx that HCC collected manufacturer rebate discounts for nearly all of the claims submitted to it by AcquireRx and that he expected HCC to make payment in full to AcquireRx as soon as his "bosses" reviewed the account and gave him approval for the wire transfer.

20. On or about August 5, 2016, Feliciani provided AcquireRx with a copy of a purported wire confirmation showing a wire transfer to AcquireRx in the amount of $2,100,507.50. A copy of this purported wire transfer is attached hereto as Exhibit "E."

21. Upon receiving the purported wire transfer from HCC, AcquireRx forwarded the information to one of its clients, Medical Security Card Company, LLC ("MSC"), to show that manufacturer discounts were forthcoming.

22. AcquireRx never received any wire transfer from or on behalf of HCC. In fact, as of the date of this Complaint AcquireRx never received any monies that are due and owing from HCC.

23. Upon information and belief, the purported wire transfer is fraudulent.

24. Under the Services Agreement HCC was required to pay AcquireRx the manufacturer discount funds within one hundred eighty (180) days after the end of the quarter in which the claims were submitted by AcquireRx to HCC, which would have required payment to be made by HCC to AcquireRx in the amount of $2,100,507.50 on or before July 1, 2016 and in the amount of $231,015 by September 1, 2016. See Exhibit "A" at Sec. 3.2.

25. The deadline for payment under the Services Agreement has come and gone.

26.     HCC has failed to pay all amounts due and owing to AcquireRx under the terms of the Services Agreement.

27.     HCC's failure to timely pay AcquireRx is preventing AcquireRx from meetings its contractual obligations with its clients, such as MSC, and is causing significant disruptions in AcquireRx's business.

28.     As a result of Defendants' misrepresentations and material breach of the Services Agreement, AcquireRx has suffered substantial damages.

29.     AcquireRx, a provider of pharmaceutical rebate management services, therefore bring this action against Feliciani, Aizen and HCC for fraud in the inducement (Count I), breach of contract (Count II), unjust enrichment (Count III), and promissory estoppel (Count IV).

**COUNT I**
**FRAUD IN THE INDUCEMENT**

30.     Plaintiff hereby incorporates by reference the preceding paragraphs.

31.     As detailed above, Feliciani made representations to AcquireRx that Feliciani and his partners[1] maintain longstanding relationships with various pharmaceutical manufacturers, are experts in pharmacy benefit management,  and have the ability to collect, through HCC, significant drug manufacturer discounts on behalf of AcquireRx.

32.     These intentional misrepresentations of HCC and Feliciani were material and induced AcquireRx to enter into the Services Agreement with HCC.

33.     HCC and Feliciani knew of the falsity and/or recklessness of the misrepresentations at the time the misrepresentations were communicated to AcquireRx.

---

[1]     Upon information and belief, Aizen is Feliciani's boss or partner in HCC.

34.     The fraudulent representations made by HCC and Feliciani were knowing and deliberate and for the purpose of inducing AcquireRx to enter into the Services Agreement.

35.     As a direct and proximate result of AcquireRx's justifiable reliance on HCC's and Feliciani' fraudulent representations, AcquireRx has incurred over $2,100,507.50 in damages.

WHEREFORE, Plaintiff, AcquireRx LLC, requests the entry of judgment against Defendants, Health Care Consolidators LLC, Lance Aizen and Joe Feliciani, for damages in the amount of **$2,100,507.50**, plus any additional amounts due and owing under the Services Agreement, together with pre-judgment interest, costs and such other relief as this Court deems appropriate.

### COUNT II
### BREACH OF CONTRACT

36.     Plaintiff hereby incorporates by reference the preceding paragraphs.

37.     As set forth in the Services Agreement, HCC agreed to, among other things, submit the claims received from AcquireRx to the appropriate manufacturers for collection of any manufacturer rebates available to AcquireRx.  See Exhibit "A" at Sec. 3.1.

38.     In reliance on the Services Agreement, AcquireRx entered into manufacturer rebate administration agreements with various companies to collect and process any available pharmaceutical manufacturer rebates for those companies.

39.     To satisfy its obligations under the Services Agreement Plaintiff timely sent to HCC claims data on a monthly basis for submission to the appropriate manufacturers.

40.     Plaintiff fully performed its obligations to HCC under the Services Agreement.  HCC, however, failed or refused to pay Plaintiff per the terms of the Services Agreement.

41.     Although HCC represented to AcquireRx that it received manufacturer discount funds for the claims submitted to it by AcquireRx, HCC did not convey any of the discount funds to AcquireRx as required by the terms of the Services Agreement.

42.     HCC's foregoing conduct constitutes a material breach of the Services Agreement.

43.     To date, there is currently an amount due and owing by HCC to Plaintiff of at least approximately $2,100,507.50 under the Services Agreement.

44.     HCC's foregoing material breach has directly and proximately caused Plaintiff damages of at least approximately $2,100,507.50.

WHEREFORE, Plaintiff, AcquireRx LLC, requests the entry of judgment against Defendants, Health Care Consolidators LLC, Lance Aizen and Joe Feliciani, for damages in the amount of **$2,100,507.50**, plus any additional amounts due and owing under the Services Agreement, together with pre-judgment interest, costs and such other relief as this Court deems appropriate.

**COUNT III**
**QUANTUM MERUIT/UNJUST ENRICHMENT**

45.     Plaintiff hereby incorporates by reference the preceding paragraphs.

46.     Plaintiff timely sent to HCC claims data on a monthly basis for submission to the appropriate manufacturers pursuant to the terms of the Services Agreement.

47.     HCC accepted the benefits of the manufacturer rebates available to AcquireRx, which are due and owing by HCC to AcquireRx under the terms of the Services Agreement.

48.     HCC was unjustly enriched by the receipt of these manufacturer rebates on behalf of AcquireRx.

49.     It would be against equity and good conscience to permit HCC to retain the benefits of the manufacturer discount funds owed to AcquireRx without just compensation to AcquireRx.

50.     If it is determined that there is no remedy at law for Plaintiff, it would be inequitable to allow HCC to retain the manufacturer rebates that are due and owing to AcquireRx under the Services Agreement, without requiring HCC to pay AcquireRx the full value of the manufacturer rebates owed to AcquireRx under the terms of the Services Agreement.

WHEREFORE, Plaintiff, AcquireRx LLC, requests the entry of judgment against Defendants, Health Care Consolidators LLC, Lance Aizen and Joe Feliciani, for damages in the amount of **$2,100,507.50**, plus any additional amounts due and owing under the Services Agreement, together with pre-judgment interest, costs and such other relief as this Court deems appropriate.

## COUNT IV
## PROMISSORY ESTOPPEL

51.     Plaintiff hereby incorporates by reference the preceding paragraphs.

52.     In the alternative to recovery under breach of contract, Plaintiff is entitled to recovery under the doctrine of promissory estoppel.

53.     At all times material hereto, Defendants promised Plaintiff that it would pay Plaintiff the manufacturer rebates in accordance with the terms of the Services Agreement.

54.     Defendants made this promise with the reasonable expectation of inducing action on the part of Plaintiff.

55.     Plaintiff timely submitted all of its claims data, on a monthly basis, to HCC in reasonable reliance upon Defendants' promise.

- 10 -

56.     There is an amount due and owing from HCC to Plaintiff in connection with the Services Agreement.

57.     HCC materially breached its promise to pay Plaintiff in accordance with the terms of the Services Agreement.

58.     The foregoing material breach has directly and proximately caused Plaintiff damages of approximately $2,100,507.50.

59.     The Court can only avoid injustice by finding that HCC's promises to Plaintiff are binding.

WHEREFORE, Plaintiff, AcquireRx LLC, requests the entry of judgment against Defendants, Health Care Consolidators LLC, Lance Aizen and Joe Feliciani, for damages in the amount of **$2,100,507.50**, plus any additional amounts due and owing under the Services Agreement, together with pre-judgment interest, costs and such other relief as this Court deems appropriate.

/s/Samantha B. Kats
Samantha B. Kats
NJ ID 069872013
STRADLEY RONON STEVENS & YOUNG, LLP
LibertyView
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002
P: (484) 323-1354
F: (610) 640-1965
E: Skats@stradley.com

*Attorneys for Plaintiff, AcquireRx LLC*

Dated:  September 2, 2016

- 11 -